UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAYMOND E. BRESSLER,           ) 3:06CV2683
                               )
        Petitioner             ) JUDGE DAN AARON POLSTER
                               ) (Magistrate Judge Kenneth S. McHargh)
    v.                         )
                               )
DEB TIMMERMAN-COOPER,          )
        Warden                 )
                               )
        Respondent             ) REPORT AND RECOMMENDED
                               ) <u>DECISION OF MAGISTRATE JUDGE</u>


McHARGH, MAG. J.

The petitioner Raymond E. Bressler ("Bressler") has filed pro se a petition for a writ of habeas corpus arising out of his 2005 convictions for drug possession. (Doc. 1.)  Bressler raises a single ground for relief in his petition:

> Pursuant to 28 USCA §2254(b)(1), the trial court decision in overruling Defendant's motion to suppress and supplemental motion to suppress the evidence is contrary to (and) involves an unreasonable application of clearly established federal law pronounce[d] in the United States Supreme Court case of Illinois v. Gates (1983), 462 US 213.

(Doc. 1, at 4.)  The respondent argues that this claim is not cognizable in a federal habeas proceeding. (Doc. 11, at 8-10.)


I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

Sergeant Douglas J. Wiegle made a traffic stop of a vehicle operated by Bressler. Sgt. Wiegle observed Bressler weaving within his lane, accelerating towards a stop sign, spinning out his tires when

accelerating from the stop sign, and running his right rear tire over a curb in making a right hand turn onto another street. Thus, Sgt. Wiegle initiated the traffic stop.

When he first approached the vehicle, he identified the parties in the vehicle and observed that Bressler was attempting to hide something between his legs. At that point, Sgt. Wiegle called for back up and asked Bressler to step out of the vehicle. Bressler moved the object that was between his legs and hid it between the seat and the center console in the vehicle, then after numerous attempts to open the vehicle door he got out. Next, Officer W. Joe Bruns of the Van Wert Police Department arrived on the scene and assisted Sgt. Wiegle in restraining Bressler while Sgt. Wiegle went back to find what Bressler was attempting to hide. Officer Bruns searched Bressler and found over two grams of powder cocaine on his person; thus, Bressler was arrested and secured in the back of Officer Motycka's car by Officer Bruns. Upon checking the vehicle for the hidden item, Sgt. Wiegle found a glass vial used to cook crack cocaine and a partially burnt marijuana cigarette in the ashtray.

At this point, the two passengers in the car, Gregory Thatcher ("Thatcher") and Robert Pollock ("Pollock") were removed from the vehicle and each consented to a search of their persons. Sgt. Wiegle questioned Thatcher, who provided no additional information, while Officer Bruns spoke with Pollock. Pollock told Officer Bruns that they were on their way to Bressler's residence and that he had observed a crack pipe on a table and a blue bag with cocaine when he was in the residence earlier that day. He also informed Officer Bruns that he "should hurry because there was a female inside the house and she would destroy the evidence."Affidavit for Search Warrant, December 19, 2004.

A drug sniffing canine was also brought to the scene. The canine alerted the officers of various items within the vehicle including a film canister from the driver's door containing what appeared to be (and later tested positive as) crack cocaine, gold colored "Brillo Pads" that are commonly used as drug paraphernalia and a crack pipe. A tow truck was called to secure the vehicle.

Based upon the above information, Officer Bruns and another officer went to Bressler's residence to secure the residence while a search warrant was being sought. A female present at the residence opened

>the door and Sgt. Bruns observed in plain view what appeared to be marijuana and rolling papers on the table in the front room.
>
>After securing the residence, Sgt. *[sic]* Bruns went back to the police department to prepare the search warrant. Sgt. Wiegle arrived at the police department while Officer Bruns was preparing the search warrant. Officer Bruns prepared the entire search warrant except for page five which was prepared by Sgt. Wiegle. Sgt. Wiegle accompanied Officer Bruns to the residence of the Common Pleas judge for the purpose of getting the search warrant signed; however, Officer Bruns was the only one who signed the affidavit in front of the Common Pleas judge and Sgt. Wiegle did not speak to the Judge other than to say good morning. The Common Pleas judge issued the search warrant based entirely on the information in the affidavit in support of the warrant. Upon executing the search warrant, a significant amount of drugs and drug paraphernalia were seized from the Bressler residence.
>
>On December 20, 2004, Bressler was indicted by the Van Wert County Grand Jury for two counts of Possession of Cocaine, one count of Possession of Marijuana, and one count of Aggravated Possession of Drugs. On December 22, 2004, Bressler was arraigned and plead not guilty. On February 10, 2005, Bressler filed a Motion to Suppress Search Warrant and Memorandum in Support. On February 14, 2005, the State filed a Memorandum Contra Defendant's Motion to Suppress. On March 7, 2005, Bressler filed a Supplemental Motion to Suppress Search Warrant and Memorandum in Support. The Trial Court conducted a hearing on May 5, 2005 and overruled the motion. On May 18, 2005, Bressler entered a no contest plea and the trial court found him guilty of the above mentioned offenses. On June 3, 2005, the Judgment Entry of conviction and sentence was filed sentencing Bressler to a mandatory term of 4 years for count one and a basic prison term of 11 months for count two, three, and four with said sentences to be served concurrently and a mandatory fine of seven thousand five hundred dollars.

(Doc. 11, RX 14, at 2-5; State v. Bressler, No. 15-05-13, 2006 WL 319178, at *1-*2

(Ohio Ct. App. Feb. 13, 2006.)

The motion to suppress had been based on the contention that Bressler's home had been "searched under a search warrant based upon an affidavit which

3

failed for want of credibility or a factual basis upon which Probable cause could be based." (Doc. 11, RX 3, at 3.) Specifically, the affidavit failed to state that the informant was a reliable source. Id. at 2; see also doc. 11, RX 5. In addition, the search warrant "was executed at nighttime with no basis for an emergency search." Id.

Bressler appealed the denial of his motion to suppress, presenting a single assignment of error:

> 1. The trial court erred in overruling Defendant's motion to suppress and supplemental motion to suppress evidence.

(Doc. 11, RX 12.) The court of appeals affirmed the judgment below. (Doc. 11, RX 14; Bressler, 2006 WL 319178, at *6.)

Bressler filed a timely appeal with the Ohio Supreme Court on March 27, 2006, setting forth a single proposition of law:

> The good faith exception does not apply where a search warrant is issued on the basis of evidence obtained as a result of an officer's creation of exigent circumstances.

(Doc. 11, RX 15.) On July 5, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 11, RX 16; State v. Bressler, 110 Ohio St.3d 1410, 850 N.E.2d 72 (2006).)

### A. Municipal court (traffic) case

Meanwhile, Bressler had a separate case pending in Van Wert Municipal Court, on charges of failure to stay in a marked lane and operating a motor vehicle

under the influence. In that case as well, Bressler (through separate counsel) filed a motion to suppress, on Jan. 27, 2005. (Doc. 11, RX 17-18.)

On Dec. 16, 2005, the municipal court granted the motion to suppress, finding that there was no reasonable basis for the traffic stop, as well as no reasonable basis for the vehicle search, and dismissed the case. The state appealed, but the appellate court[1] upheld the municipal court's ruling on July 17, 2006. (Doc. 11, RX 21; State v. Bressler, 167 Ohio App.3d 772, 857 N.E.2d 177 (Ohio Ct. App. 2006) (case no. 15-05-19).)

Bressler filed his petition for habeas relief in this court on Nov. 7, 2006.

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as

---

[1] The appellate panel which affirmed the granting of the motion to suppress in the traffic case (case no. 15-05-19) consisted of the same three judges who had several months earlier affirmed the denial of the motion to suppress in the criminal action (case no. 15-05-13).

5

> determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Bressler has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants

who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. FOURTH AMENDMENT AND HABEAS CLAIMS

The respondent contends that Bressler's Fourth Amendment claim is not cognizable in habeas. (Doc. 11, at 8-10.)

The United States Supreme Court held in Stone v. Powell that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Abdul-Mateen v. Hofbauer, 215 F.3d 1325, 2000 WL 687653, at *3 (6th Cir. 2000) (TABLE, text in WESTLAW), cert. denied, 531 U.S. 933 (2000) (quoting Stone v. Powell, 428 U.S. 465, 494 (1976)); Finney v. Bobby, No. 1:04CV0926, 2007 WL 2778728, at *10 (N.D. Ohio Sept. 21, 2007). Although Stone predates the AEDPA, it continues to govern Fourth Amendment habeas claims. Smith v. Bradshaw, No. 5:04CV1235, 2006 WL 2233211, at *4 (N.D. Ohio Aug. 3, 2006).

In applying Stone, the district court considers two factors. Riley v. Gray, 674 F.2d 522, 526 (6th Cir.), cert. denied, 459 U.S. 948 (1982). First, does the state provide a procedure which gives the petitioner an opportunity to raise a Fourth

7

Amendment claim? The Sixth Circuit has ruled the Ohio's procedures are adequate in this regard. Riley, 674 F.2d at 526; Smith, 2006 WL 2233211, at *4.

The second factor is whether presentation of the Fourth Amendment claim was frustrated because of a failure to the state's procedures. Riley, 674 F.2d at 526; Smith, 2006 WL 2233211, at *3. Here, Bressler was able to fully and fairly litigate his claim. He filed a motion to suppress, had a hearing on that motion, and had recourse to appellate review. See Riley, 674 F.2d at 526.

Bressler is in the somewhat unusual situation of having received apparently contradictory rulings by two different trial courts on his motions to suppress arising out of the same incident. In addition, these apparently contradictory rulings were each upheld, in separate appeals, before the same appellate panel. However, on closer review, the rulings are distinguishable, because the separate motions to suppress were based on different grounds.

Bressler's habeas petition attacks his felony drug convictions, pursuant to which he is in state custody. (Doc. 1, at 2.) His counsel in that case chose to move to suppress based on the allegedly faulty affidavit and search warrant of Bressler's residence. (Doc. 11, RX 3, 5.) The motion to suppress was denied, and the ruling was affirmed on appeal. (Doc. 11, RX 6, 14.) Bressler was convicted of the drug charges.

The municipal court granted Bressler's motion to suppress in the traffic case, which was based on the faulty stop of his vehicle. (Doc. 11, RX 17-18 , 20.) That ruling was upheld on appeal. (Doc. 11, RX 21.) The court dismissed the charges of

failure to stay in a marked lane and operating a motor vehicle under the influence. (Doc. 11, RX 20.) Thus, Bressler is not in state custody as a result of that case, and it is irrelevant to the habeas proceedings at hand.

Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, federal habeas corpus relief may not be granted. Stone, 428 U.S. at 494; Abdul-Mateen, 2000 WL 687653, at *3; Riley, 674 F.2d at 526. Bressler has received a full and fair review, thus he is not eligible for habeas relief on his Fourth Amendment claim.

## IV.  SUMMARY

The petition for a writ of habeas corpus should be denied. Bressler has not established that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

RECOMMENDATION

It is recommended that the petition be denied.


Dated:  Dec. 27, 2007                  /s/ Kenneth S. McHargh
                                       Kenneth S. McHargh
                                       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).