UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RAYMOND E. BRESSLER,** ) | Case No. **3:06 CV 2683** |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **DEB TIMMERMAN-COOPER, Warden** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommended Decision of Magistrate Judge Kenneth S. McHargh ("R&R") (**ECF No. 15**). Magistrate Judge McHargh recommends that the Court deny the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (**ECF No. 1**). Petitioner Raymond E. Bressler has filed objections and a supplement to his objections ("Objections") (**ECF Nos. 17, 18**). Bressler is presently serving a four-year sentence in state custody after pleading no contest to four counts of possession and aggravated possession of various unlawful substances. The Court has reviewed the submissions and the record and concludes, for the reasons to follow, that Bressler's objections must be **OVERRULED**, the R&R **ADOPTED**, and the Petition **DENIED**.

**I.**

On December 19, 2004, Bressler was pulled over for an alleged traffic violation by Van Wert Police Sergeant Wiegle. Shortly thereafter, Officer Bruns arrived on the scene to assist. Bressler's car was searched and a crack pipe and marijuana cigarette were found. Based

on these findings and a statement made by one of the passengers indicating that more drugs could be found at Bressler's residence, Bruns and a third officer went to the defendant's residence to secure it while Wiegle obtained a warrant to search it. The subsequent search of the residence resulted in the seizure of a significant amount of drugs and drug paraphernalia.

On December 20, 2004, Bressler was indicted by the Van Wert County Grand Jury for two counts of Possession of Cocaine, one count of Possession of Marijuana, and one count of Aggravated Possession of Drugs. On the same day, he was charged in the Municipal Court of Van Wert County for Operating a Vehicle Intoxicated and Failure to Drive in Marked Lines. In both cases, he entered pleas of not guilty to the charges.

### The Common Pleas Court Case ("Drug Case")

On February 10, 2005, Bressler filed a motion to suppress the search warrant in the drug case, arguing that the search of his residence violated the Fourth Amendment because the warrant was based on an affidavit that lacked probable cause or credibility and failed to state that the informant was a reliable source, and was executed at nighttime with no basis for an emergency search. He did not challenge the constitutionality of the traffic stop which led to the information providing probable cause supporting the search warrant. On May 5, 2005, the court conducted a hearing on the motion and denied it, finding that there was sufficient probable cause to support the affidavit and, in any event, the officers acted in good faith reliance on the warrant. On May 18, 2005, Bressler entered a no contest plea pursuant to a plea agreement wherein he stated, among other things, that he understood the court could not permit anyone to plead no contest who maintained his innocence. He appealed the denial of his motion suppress. In a decision entered on February 13, 2006, the Van Wert County Appeals Court questioned whether

the affidavit provided probable cause, but affirmed the lower court's ruling because it concluded that none of the requisite circumstances necessary to preclude application of the good faith exception were present.[1]  The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question on July 5, 2006.

### The Municipal Court Case ("Traffic Case")

Meanwhile, Bressler filed a motion to suppress in the municipal court case on January 27, 2005.  There, he sought to have the blood test results and statements made by him after his arrest suppressed on the basis that the traffic stop violated the Fourth Amendment.  On December 16, 2005, the municipal court granted the motion, finding that there was no reasonable basis for the traffic stop and no reasonable basis for the vehicle search, and dismissed the case.  The state appealed, and the same panel that had previously affirmed his drug convictions, now affirmed the municipal court's ruling granting the motion to suppress and dismissing the traffic violations on July 17, 2006.[2]

### Motion to Withdraw Guilty Plea

In October 2006, Bressler filed, in the common pleas court, a Criminal Rule 32.1 motion to withdraw his plea of no contest to the drug charges to correct a manifest injustice.

---

[1] The requisite circumstances the appellate court identified were (1) whether the magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, (2) whether the issuing magistrate wholly abandoned his judicial role, (3) whether an officer purported to rely upon a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, or (4) whether the warrant was so facially deficient that the executing officers could not reasonably presume it to be valid.  *State v. Bressler*, No. 15-05-13, 2006 WL 319178, at *5-6 (Ohio App. 3 Dist. Feb. 13, 2006) (citing *Leon*, 468 U.S. at 923; *State v. George*, 45 Ohio St.3d 325, 331 (1989)).

[2] *State v. Bressler*, 167 Ohio App.3d 772 (Ohio App. 3 Dist. 2006).

Bressler argued that he would not have entered, and his counsel should not have allowed him to enter, a no contest plea had he known that the municipal court would grant his January 2005 motion to suppress. The common pleas court denied the motion, stating that its ruling denying the motion to suppress in the drug case was affirmed on appeal and observed that the municipal court's decision to grant the motion to suppress in that traffic case was not relevant to the one filed in the drug case. Bressler appealed this ruling, and the same appellate court that affirmed his drug convictions and the dismissal of his traffic offenses, affirmed the lower court's ruling denying the motion to withdraw guilty plea. The appellate court explained that (1) because the direct appeal of his convictions had been decided, the trial court was without jurisdiction to rule on the Rule 32.1 motion, and (2) *res judicata* barred claims raised in a Rule 32.1 motion that were, or could have been, raised in a prior proceeding.

## Federal Habeas Petition

On November 7, 2006, Bressler filed the pending § 2254 Petition arguing that his drug convictions are unconstitutional because the trial court ruling overruling his motion and supplemental motion to suppress involves an unreasonable application of clearly established federal law as articulated in *Illinois v. Gates*, 462 U.S. 213 (1983). After ordering briefing on this issue and reviewing those briefs, the Magistrate Judge recommended that the Court deny the Petition. He cited *Stone v. Powell* for the proposition that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." 428 U.S. 465, 494 (1976). In applying *Stone*, the district court must consider two factors: (1) does the state provide a procedure which gives the

-4-

petitioner an opportunity to raise a Fourth Amendment claim, and (2) was presentation of the Fourth Amendment claim frustrated because of a failure of the state's procedures. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. (1982).  The Magistrate Judge correctly noted that the Sixth Circuit had ruled that Ohio's procedures in this regard are adequate, and Bressler was able to fully and fairly litigate his Fourth Amendment claim by filing a motion to suppress, having a hearing held on that motion and availing himself of recourse to appellate review.  The Magistrate Judge pointed out that Bressler's attorney in the drug case chose to move to suppress the drug evidence based on the alleged faulty affidavit and search warrant.  The motion was denied after a hearing, and the ruling was affirmed on appeal.

Bressler has filed objections arguing that the drug convictions should be overturned because the drugs found in his residence are merely an extension of the fruit of the poisonous tree – the poisonous tree being the traffic stop deemed unlawful by the municipal court.  In support, he cites *United States v. Spinner*, 475 F.3d 356 (D.C. Cir. 2007) and *Florida v. Royer*, 460 U.S. 491, 501 (1983).   Those cases are distinguishable both procedurally and factually.

*Spinner* involved the direct appeal of a federal conviction for possession of a firearm by a felon.  The defendant entered a conditional guilty plea after his motion to suppress was denied.  His guilty plea was conditioned on preserving his right to appeal the denial of his suppression motion, and the ruling was reversed on appeal after the court determined that the police did not have reasonable suspicion that they were dealing with an armed and dangerous individual so as to authorize a search of a parked vehicle which the defendant entered.  *Spinner* is distinguishable from Bressler's case because the defendant in *Spinner* challenged the

constitutionality of the traffic stop, his guilty plea was conditioned on his right to raise this same issue on appeal, and the issue was resolved within the same case on direct appeal. No search warrant was involved, no ostensibly contradictory rulings were issued by separate state courts, and Spinner never argued that he was unable to fully and fairly litigate his Fourth Amendment claim.

*Florida v Royer* also involved the direct appeal of a federal conviction. In *Royer*, the defendant challenged, in a motion to suppress, the lawfulness of his seizure at an airport by police officers. After the district court denied the motion, the ruling was reversed by the appeals court, which ruling was affirmed by the United States Supreme Court. *Royer* is also distinguishable from Bressler's case because Royer challenged the legality of his seizure in the district court and the appeal procedures that followed addressed the same issue. Like *Spinner*, there were no ostensibly contradictory rulings issued by separate state courts, and Royer never argued that he was unable to fully and fairly litigate his Fourth Amendment claim.

The Court notes that the decisions of the municipal court and the common pleas court are only "ostensibly" contradictory because they are, in fact, not contradictory. Bressler challenged the constitutionality of the search warrant in one case, and the constitutionality of the traffic stop in the other. The rulings are not contradictory. Moreover, nothing preventing Bressler from challenging the lawfulness of the traffic stop in his drug case. His failure to do so in the common pleas court proceedings constitutes a waiver of that issue with respect to his drug convictions. Moreover, it constitutes a procedural default of that issue for purposes of federal habeas review.

Finally, the essence of Bressler's argument is that the Ohio court system let him down because one court hastened to rule on one suppression motion while the other court took forever to rule on the suppression motion pending before it, and the result was unfair and inconsistent. Bressler argues that he should not be disadvantaged by the fact that it took the municipal court 325 days to rule on the motion to suppress he filed in his traffic violation case. In support of this position, he cites *State v. Fields*, No, 05-CA-17, 2006 WL 163563 (Ohio App. 5 Dist. Jan. 20, 2006) 2006-Ohio 223.

In *Fields*, the defendant was charged with disorderly conduct and filed a motion to dismiss his case based on speedy trial grounds. He filed the motion to dismiss 311 days after he filed a motion to suppress – which motion remained pending at the time he filed the motion to dismiss. The court denied the motion to dismiss, and the defendant pled no contest to disorderly conduct. He appealed the conviction, and the appellate court reversed. The appellate court found that the lower court's 311-day delay in ruling on the defendant's suppression motion was unnecessary and unreasonable and did not toll the running of the 90-day speedy trial period. In so concluding, the appeals court cited M.C. Sup. R. 6,[3] which directs a trial court to rule on a motion within 120 days from the date the motion is filed. The appeals court noted that, while the 120-day rule was only a guide, it served "as an indication of what amount of time would be appropriate in the usual case," and used this as a basis upon which to reverse the trial court's denial of the motion to dismiss.

---

[3] M.C. Sup. R. 6, effective July 1, 1997, was superseded by Sup. R. 40, which is analogous to former M.C. Sup. R. 6.

*Fields* is factually distinguishable from the instant case. Bressler never filed a motion to dismiss the traffic charges based on the length of time it took the municipal court to rule on his suppression motion. Nor does *Fields* form a basis for federal habeas relief. It is a state court decision citing an administrative court rule only as a gauge for determining whether the amount of time it took the lower court to rule on a suppression motion <u>in that particular case</u> was appropriate – and concluded that it was not. The administrative rule does not constitute a substantive bright-line rule for any purpose and certainly does not form the basis for a constitutional violation.

## II.

For all these reasons, Bressler's Objections (**ECF Nos. 17, 18**) are hereby **OVERRULED**, the Report and Recommended Decision of Magistrate Judge Kenneth S. McHargh (**ECF No. 15**) is **ADOPTED**, and the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (**ECF No. 1**) is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     February 1, 2008*
**Dan Aaron Polster**
**United States District Judge**